UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN KING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4993** |
| **MORGAN SAMUELS, SCOTT SAMUELS, METLIFE INSURANCE COMPANY, AND GEICO INSURANCE COMPANY** | **SECTION "C" (2)** |

### ORDER AND REASONS[1]

The Court ordered the parties to file memoranda directed to the issue whether the jurisdictional minimum existed at the time of removal and to provide affirmative proof. Rec. Doc. 6. The parties submitted memoranda. Rec. Doc. 7; Rec. Doc. 9. For the following reasons, the Court is satisfied that the jurisdictional minimum requirement has been met.

After being involved in an automobile accident, Plaintiff was transported via ambulance to Tulane Medical Center, and the cost totaled $775.00. Rec. Doc. 7-1, Exh. 1, p. 2. At Tulane, the Plaintiff received treatment and x-rays for a sprain of her right ankle, an intermediate laceration to her left knee, and upper back pain. Rec. Doc. 7-2, Exh. 2, p. 21. The Plaintiff required general anaesthesia, seven staples on her left knee, additional treatment, and a 23 hour recovery admission in the hospital. Rec. Doc. 7-5, Exh. 5, p. 13. While hospital medical records are included in the record, no hospital bill has been submitted. Rec. Doc. 7-2, Exh. 2. New Orleans Healthcare Center performed MRI scans and ultrasounds of Plaintiff's right ankle and left knee, which revealed tears

---

[1]Kayla Lawrence, a second-year student at Tulane University Law School, assisted with the preparation of this Order and Reasons.

in several tendons in her ankle, hemorrhage and edema in her ankle and knee, and thinning and degeneration of the bones in her knee. Rec. Doc. 7-3, Exh. 3, p. 3-5. The charges from New Orleans Healthcare during the period from the accident to December 2012 total $2,124.00. *Id.* at 12. Additionally, Magnolia Diagnostics Inc., which charged Plaintiff $1,380.00, diagnosed extensive hemorrhage and edema in Plaintiff's ankle and determined that her ankle suffered several tears to various ligaments. Rec. Doc. 7-4, Exh. 4, p. 2, 6. Magnolia also diagnosed significant damage to Plaintiff's left knee. *Id.* at 4.

The injury to her right ankle required status-post osseous, soft tissue reconstructive surgery, which was performed in June 2013 by Dr. Leon Shingledecker, D.P.M. Rec. Doc. 7-5, Exh. 5, p. 2-5. Although no bill from Dr. Shingledecker is included in the record, rewards for comparable injuries with surgery or possible surgery range between $35,000 to $134,000. *See Reichenpfader v. Paccar, Inc.*, 872 F. Supp. 328, 330-32 (E.D. La. 1994) (amending a jury verdict to $43,871.63 to include medical expenses for ankle surgery and out-patient procedure to remove hardware, plaintiff had an ideal recovery); *Bell v. Ayio*, 97-0534 (La. App. 1 Cir. 11/13/98), 731 So. 2d 893, 900-03 ($80,000 in general damages for broken ankle that required surgery with the insertion of three screws); *Arthur v. State, Dep't of Health & Human Res.*, 605 So. 2d 635, 639 (La. Ct. App. 1992) ($65,000 unspecified damages to plaintiff who underwent surgery for broken ankle and used a walker for a month after surgery); *McIntyre v. Saunders*, 554 So. 2d 1371, 1375-76 (La. Ct. App. 1989) *writ denied*, 558 So. 2d 583 (La. 1990) ($95,000 in general damages to plaintiff who underwent surgery on his ankle, may require additional surgery, and may suffer permanent restriction in his activities); *Lazarus v. S. Farm Bureau Cas. Ins. Co.*, 535 So. 2d 923, 928 (La. Ct. App. 1988) *writ denied*, 536 So. 2d 1201 (La. 1988) ($134,120.80 in general, past medical, future medical, and nursing services damages to plaintiff who suffered a fractured ankle, knee, and heel

2

with possible surgery); *Smith v. Flowers Transp., Inc.*, 377 F. Supp. 1112, 1118 (N.D. Miss. 1974) ($35,000 for extensive lacerations on leg and soft-tissue injury and surgery to ankle). Records show that after the second post-surgical visit, Plaintiff's recovery was consistent with the post-operative course, and that Plaintiff denied pain or tenderness in the ankle area. *Id.* at 2-4. Further x-rays will be required. *Id.* at 4.

Medical records do not reveal whether Plaintiff's injuries will require additional surgeries to her ankle or knee. However, the record shows that she is still receiving treatment for other alleged injuries. Rec. Doc. 7-5, Exh. 5. Further, Plaintiff asserts that she is scheduled to see a Dr. Richard Meyer and orthopedist for the injury to her left knee when her right ankle is removed from the cast. Rec. Doc. 7, p. 2. Plaintiff also seeks damages for lost wages and future medical procedures. Considering the evidence, the Court finds the minimum jurisdictional amount has been met.

New Orleans, Louisiana, this 22nd day of July, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**